OPINION
{¶ 1} Appellant Ronald Lazar, Sr. appeals the January 22, 2004, decision of the Stark County Court of Common Pleas.
 {¶ 2} Appellee is the Central Reserve Life Insurance Company.
 STATEMENT OF THE FACTS AND CASE {¶ 3} On or about August 3, 2001, Appellant Ronald Lazar, Sr. applied for health insurance with Appellee Central Reserve Life Insurance Company ("Central Reserve") through an authorized insurance agent. At the time of the application Appellee had access to Appellant's complete medical history.
 {¶ 4} On or about October 5, 2001, Central Reserve issued a Group Health Insurance Contract Policy (No. AS-000270731-0001) to Appellant in exchange for the premium by Appellant. Appellant was the named insured under the policy.
 {¶ 5} Subsequent to the issuance of the policy, Appellant submitted medical bills and prescription bills to Central Reserve, which in turn were paid under the policy.
 {¶ 6} Appellant, in reliance on the policy, received medical treatment and incurred $43,626.30 in hospital, medical, prescription and therapy bills.
 {¶ 7} Central Reserve paid $2,936.83 for medical claims and $3,255.21 for prescription bills on Appellant's behalf under the policy.
 {¶ 8} On March 12, 2002, Central Reserve Rescinded te policy as if such policy were never issued and advised Appellant that it would refund all premium payments made by Appellant under said policy minus any benefits paid by Central Reserve under same.
 {¶ 9} Central Reserve refused, and continues to refuse, to pay the above expenses under the subject policy.
 {¶ 10} On May 1, 2003, Appellant filed a complaint against Appellee Central Reserve Life insurance Company seeking damages for breach of contract, bad faith, violations of the Ohio Consumer Sales Practices Act, and seeking equitable estoppel and reformation of the insurance contract that is the subject of this dispute.
 {¶ 11} On July 21, 2003, Appellee filed a Motion to Stay Case Pending Arbitration, to which Appellant filed a Brief in Opposition.
 {¶ 12} The trial court, in a judgment entry filed on January 22, 2004, granted Appellee's Motion to Stay the Case Pending Arbitration.
 {¶ 13} Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 ASSIGNMENTS OF ERROR {¶ 14} "I. The trial court erred in granting appellee's motion to stay proceedings pending arbitration.
 {¶ 15} "II. The trial court erred by not finding that bad faith claims, including appellant's, are separate and distinct causes of action that are not subject to any contract or arbitration clause.
 {¶ 16} "III. The trial court erred in not finding that the contract, including the arbitration clause, was void ab initio since appellee rescinded the contract.
 {¶ 17} "IV. In failing to rule on appellant's motion to compel, the trial court erred in not providing appellant the opportunity to conduct discovery.
 {¶ 18} "V. The trial court erred by not providing appellant with his procedural rights under R.C. 2711.03, including a jury trial.
 {¶ 19} "VI. The trial court erred in not finding that the arbitration clause was unconscionable and not enforceable.
 {¶ 20} "VII. The trial court erred in not finding that appellee waived its right to arbitration."
 {¶ 21} Upon review of the trial court's January 22, 2004, Judgment Entry, we find that the trial court did not address Appellant's bad faith cause of action anywhere in said Entry. We therefore cannot determine if the trial court intended for the stay to cover and include the bad faith claim and/or whether it intended for same to be included in the arbitration.
 {¶ 22} When this court finds that a trial court's findings are insufficient to allow this court to review the trial court's judgment, we may vacate the order, and remand it to the trial court for clarification, see Hochsteteler Builders, Inc. v.Barnett (September 13, 1991), Licking App. No. CA-3626. Because this court cannot tell upon this record whether any of the foregoing assignments of error are well-taken, we decline to rule on them, finding that they are not ripe for appeal.
 {¶ 23} For the foregoing reasons, the judgment of the Stark County Court of Common Pleas is vacated, and the cause is remanded to that court for further proceedings consistent with this opinion.
 {¶ 24} Court costs paid by appellant shall apply to a subsequent appeal of this cause.
Boggins, J. Gwin, P.J., and Wise, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is vacated and remanded.
Costs assessed to Appellant but shall be applied to any subsequent appeal in this case.